EZRA MASON, TREASURER OF SHIAWASSEE COUNTY, v. THE SUPERVISOR OF THE TOWNSHIP OF NEW HAVEN.

*Drain taxes—Liability and duty of township—Reassessment.*

1. Under the county drain law of 1869 (Act No. 43, Laws of 1869), the *whole* duty of a township is performed when its supervisor spreads the drain taxes as apportioned by the county drain commissioner, and approved by the board of supervisors, and its treasurer faithfully attempts to collect such taxes, and pays the amount collected to the county treasurer, and returns the lands upon which they are not collected to that officer.

2. Where after the performance of such duty the drain taxes returned are declared void by the court for irregularity or illegality, and are charged back to the county by the Auditor General, the board of supervisors have no power to charge such rejected taxes to the township from which they were returned, and order its supervisor to spread them upon his roll.

*Mandamus.*    Submitted June 10, 1890.    Denied October 10, 1890.

Relator applied for *mandamus* to compel respondent to spread certain drain taxes upon the assessment roll of his township.    The facts are stated in the opinion.

*Selden S. Miner* (*Marston, Cowles & Jerome,* of counsel), for relator.

*Hugh McCurdy,* for respondent.

[See *Mason v. Supervisor of Township of Hazelton, post,* 440, for points of counsel.—REPORTER.]

MORSE, J. It appears from the record in this case that in the year 1870 the board of supervisors of Shiawassee county apportioned to the township of New Haven in said county the following taxes:

| | |
|---|---:|
| State taxes | $219 40 |
| County tax | 811 23 |
| Ditch tax | 2,553 31 |
| Total | $3,583 94 |

The township treasurer made his returns to the county treasurer February 6, 1871, when he paid the said county treasurer in cash and orders $91.58, and returned lands to the amount of $3,492.43, which it is stated balanced the account between the township and county. Among the lands so returned were certain lands for drain taxes, such taxes here in issue, and upon four descriptions, amounting, in the aggregate, to $518.37. These taxes, at some time previous to 1880, were declared void by the circuit court for the county of Shiawassee, but at what particular date this judgment was rendered does not appear.

The drain for which these lands were assessed was a county drain, and the tax was levied by the county drain commissioner. In 1880, the Auditor General, to whom these lands had been returned by the county treasurer, and who had credited the amount of the taxes to the county as against the State, charged back these taxes, so declared void, to the county of Shiawassee, sending the following statement to the county treasurer:

AUDITOR GENERAL'S OFFICE,
LANSING, MICH., June 30, 1880.

Statement of lands in Shiawassee county returned delinquent for taxes, and this day charged back to county.

| Year | Description | Section | Town | Range | A | Drain Tax | Total Tax | Interest | Expenses | Reason |
|---|---|---|---|---|---|---|---|---|---|---|
| 1870 | W. ½ of W. ½ of S. W. ¼ | 13 | 8 N | 3 E | 40 | $100 98 | $100 98 | $ 90 08 | $ 94 | |
| 1870 | W. ½ of S. E. ¼ | 14 | 8 N | 3 E | 80 | 41 88 | 41 88 | 37 36 | 1 12 | Declared void by Circuit Court. |
| 1870 | E. ½ of S. E. ¼ | 14 | 8 N | 3 E | 80 | 173 54 | 173 54 | 154 81 | 1 39 | |
| 1870 | E. ½ of N. W. ¼ | 24 | 8 N | 3 E | 80 | 201 97 | 201 97 | 180 18 | 1 41 | |

The taxes with interest and charges as computed by the Auditor General, amounted, June 30, 1880, to $985.66.

Upon receiving this statement, no steps were taken under the drain law to reassess these taxes upon the lands benefited by the drain, and no call was made upon the township to pay the amount of these rejected taxes until November 2, 1889, when the board of supervisors, at an adjourned meeting, passed a resolution ordering the county treasurer to charge these taxes against the township of New Haven, and commanding the supervisor of said township to spread the same on his roll, with compound interest on the same from June 30, 1886, to February 1, 1890. The county clerk, in accordance with said resolution, reported such amount, with compound interest as aforesaid, in all, $1,226.47, to the said supervisor. The supervisor refused to spread the same upon his roll, and hence this controversy.

We are asked to issue a writ of *mandamus* to enforce this order of the board of supervisors. We must decline to do so. The township has never had any concern with this money, or with the taxes, save the collecting of them. What money the township treasurer was enabled to collect upon the county drain levy went under the law into a county drain fund, with the handling of which neither he nor any other township official had any part or voice. The fund was held by the county treasurer subject to the order of the drain commissioner, and the county treasurer was expressly forbidden to pay any orders of such commissioner out of any other fund than that derived from such drain taxes, unless expressly ordered to do so by the board of supervisors. Act No. 43, § 17, p. 80, Laws of 1869; Id. § 25, p. 83. The township is in no manner responsible for the construction of this drain, or the taxes assessed and levied for such construction, nor for the fact that they were decreed void for irregularity or illegality. The county drain commissioner was under the control of the board of supervisors, the legislature of the

county, and this board, under the law, had full power and authority to control his action, and to order a reassessment of the drain tax, or any portion of it, to correct errors, and to make any other order in relation to the drain "not inconsistent with the public interests or the rights of individuals." Act No. 43, § 24, p. 82, Laws of 1869. The whole duty of the township consisted—

1. In its supervisor spreading the tax upon the lands, as apportioned by the county drain commissioner, and approved by the board of supervisors.

2. In its treasurer faithfully attempting to collect the same, and, upon collection, paying the same over to the county treasurer. See section 11, Act No. 43, Laws of 1869, p. 78.

The lands upon which the taxes were not collected were to be returned in the same manner as for other delinquent taxes. Section 12. Here the duty of the township ended. It is not claimed but what this duty was fulfilled.

It is asserted that the county treasurer has paid out upon orders drawn by the drain commissioner the whole amount of this drain tax. This does not help the county. The county treasurer had no right to pay out any money upon the commissioner's order unless the fund collected under the tax would authorize such payment. He could pay out of no other fund unless expressly ordered by the supervisors. And, if so ordered, the county cannot replace the amount so used out of another fund, by levying it upon the township of New Haven. If the county has lost anything, it must be recovered by proper proceedings under the drain law for a reassessment upon the lands benefited, if possible, or the body of the county must pay it.

The writ is denied, with costs to the respondent.

The other Justices concurred.